This case was ordered consolidated on August 5, 1980, with case number 72-80C, filed by the same plaintiff. Defendant then filed a motion for summary judgment, seeking dismissal of this case, in which plaintiff seeks "proper disability back compensation,” as well as case number 72-80C, in which plaintiff sought back pay. On November 7, 1980, this court ordered the dismissal of case number 72-80C on the ground that the 6-year statute of limitations pleaded by defendant barred plaintiffs claim.
With relation to this case, number 223-80C, this court held in the same order as follows:
However, plaintiffs claim for disability compensation in the consolidated case (No. 223-80C) presents a different question. Under a long line of cases regarding claims for disability retirement, this court has held that the claim does not accrue until a proper board has considered the claim and denied it, or such a board has refused to hear plaintiffs claim. See, e.g., Bowman v. United States, Ct. Cl. No. 494-79C (order entered May 16, 1980); Friedman v. United States, 159 Ct. Cl. 1, 17-19, 310 F.2d 381, 391-92 (1962), cert. denied sub nom. Lipp v. United States, 373 U.S. 932 (1963); Harper v. United States, 159 Ct. Cl. 135, 310 F.2d 405 (1962). The defendant’s motion fails to address this issue and it is not clear as a matter of law that the claim accrued more than 6 years prior to the filing of the petition.
* * * * *
However, the plaintiffs claim for disability retirement in docket 223-80C is not in a posture for final decision by the court at this time. Defendant must establish when the *600 claim was first considered and denied by a proper board authorized to take final action on it. If the disability claim was first considered by such a board within the past 6 years, then the claim is properly before this court. If the disability claim was not so considered by an appropriate board, then the claim may be subject to a defense of failure to exhaust the administrative remedy. Obviously, the laches defense which defendant has raised cannot be considered until the period of delay is established.
# * * * *
Defendant’s motion [for summary judgement] is denied without prejudice with regard to the claim in No. 223-80C and that claim is remanded to the trial division.
Upon remand to the trial division, defendant filed on December 19, 1980, this motion for summary judgment. In this motion, defendant concedes that a proper board first denied plaintiffs claim on May 30, 1980. Under Friedman, supra, the statute of limitations cannot bar this claim. Nevertheless, defendant would have us decide this case on the merits against plaintiff.
On this record that would be inappropriate. Although these pleadings are not perfect, they do establish plaintiffs basic theory, i.e., that when discharged, he suffered from a severe disorder entitling him to disability compensation. After reviewing the two-volume medical and administrative record already developed, we cannot say there are no undisputed issues of fact. For example, plaintiff and defendant disagree as to the exact nature and extent of the disorder at discharge; and they further disagree as to whether plaintiff is presently disabled. These, of course, are disputed medical facts and render this case inappropriate for summary judgment. See, e.g., Benjamin v. United States, 162 Ct. Cl. 47, 51-53, 318 F. 2d 728, 730-732 (1963). Remand for a complete resolution by the trial judge, see Thompson v. United States, 186 Ct. Cl. 615, 405 F. 2d 1239 (1969), is necessary.
it is therefore ordered that defendant’s motion for summary judgment be and is hereby denied, it is further ordered that this case be and is hereby remanded to the trial judge for a complete resolution of this case.